IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: _____

VITAL PHARMACEUTICALS, INC.,

a Florida corporation d/b/a BANG ENERGY,

      Plaintiff,

v.

BANG DIAMONDS LLC,

a California limited liability company,

      Defendant.

_____/

## COMPLAINT

Plaintiff, VITAL PHARMACEUTICALS, INC. d/b/a BANG ENERGY ("Vital"), by and through its undersigned counsel, hereby files this Complaint against Defendant, BANG DIAMONDS LLC ("BD"), and alleges as follows:

## NATURE OF ACTION

1. In this action, Vital seeks relief against BD for: (i) trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a); (ii) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark infringement under Fla. Stat. §§ 495.131 and 495.161; (iv) unfair competition under Fla. Stat. §§ 495.131 and 495.161; and (v) violations of Florida's Deceptive and Unfair Trade Practices Act, Chapter 501 ("FDUPTA").

## PARTIES, JURISDICTION AND VENUE

2. Vital is a Florida corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Broward County, Florida.

3. BD is a corporation organized under the laws of the State of California, with its principal place of business located in San Diego, California.

4. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § § 1331, 1338(a), and 1338(b). This Court also has subject matter jurisdiction pursuant to 15 U.S.C. § 1121; the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. § 1367; and 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. BD is subject to personal jurisdiction of this Court: (a) pursuant to Fla. Stat. §48.193(1)(a)(2), because this action arises out of BD committing one or more tortious acts within the State of Florida.  Further, BD has constitutional minimum contacts with the State of Florida.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## GENERAL ALLEGATIONS

7. Since its founding in 1993, Vital has manufactured and sold products in the sports nutrition, dietary supplement and beverage industries. Over the course of the past several years, Vital, through intense product development and promotional efforts, has carved out a substantial market presence with its aforesaid product lines, including, but not limited to, its well-known Bang Energy® drink products.

8. From Vital's headquarters within the Southern District of Florida, the Bang Energy® drink products have been distributed and sold nationwide to a wide range of customers, including bottlers, full-service beverage distributors, retail grocery and specialty chains, wholesalers, club stores, mass merchandisers, convenience stores, U.S. military bases and foodservice customers including, without limitation, Publix, Kroger, Wal-Mart, Walgreens, and 7-Eleven, as well as gyms and leading retailers of sports-related supplements, vitamins, and other health, wellness, and fitness products such as GNC and The Vitamin Shoppe, and via online retailers such as Amazon.com, bodybuilding.com, vitacost.com, and tigerfitness.com.

9. Bang Energy® drinks are sugar-free, zero-calorie, carbonated energy drinks containing, among other ingredients, Super Creatine®, branched-chained amino acids ("BCAAs" or, as coined by Vital, "BCAA Aminos"), and the coenzyme Q10 ("COQ10"). Bang Energy® drinks are sold in 16-ounce aluminum cans. Unlike most energy drinks in the beverage industry, Bang Energy® drinks contain no sugar or calories, as noted, as well as no carbohydrates ("carbs"), or artificial colors. The unique appearance of Vital's Bang Energy® drinks is recognizable as visually appealing and distinctive from all other energy drinks and beverages on the shelves of retailers. Specifically, Vital's stylized trademark and logo for Bang Energy® drinks include the product name "bang" in a lowercase stylized font (the unique appearance of Vital's stylized BANG trademark and logo shall be referred to hereinafter as the "BANG® Logo"). Vital has been utilizing the BANG® Logo since as early as 2012.

10. Vital's rights in the BANG® Logo date back to as early as 2012, and Vital has used its distinctive BANG® Logo in interstate commerce since then.

11. Given the success of Vital's marketing efforts and the high quality of its products, Vital and its registered marks and distinctive BANG® Logo have become widely known, and represent substantial, valuable goodwill to Vital.

12. As a naturally-occurring result of its success, Vital has extended its product portfolio to also include clothing, apparel and accessories including, without limitation, bags, swimwear, hats and jewelry.

13. JHO Intellectual Property Holdings, LLC ("JHO") owns a number of federal trademark registrations and applications, which make up Vital's intellectual property portfolio. JHO is the owner, and Vital is the licensee, of U.S. Trademark Registration No. 3,545,129 ("the '129 Registration") for the BANG® word mark. The '129 Registrations was registered on December 9, 2008 and claims a date of first use of September 26, 2008. Furthermore, JHO has an application, serial No. 97/042/112 for the BANG word mark in International Class 14 for "jewelry, jewelry and jewelry imitation; jewelry chains; jewelry charms; jewelry plated with precious metals; charms for jewelry; and necklaces ("the '112 Application"). The '112 Application was filed with the USPTO on September 23, 2021 and claims a date of first use of October 31, 2019. Vital is also the licensee of the aforementioned application.

14. Vital is the licensee of all of the intellectual property rights for the BANG® Intellectual Property (as hereinafter defined), including the BANG® Logo, '129 Registration, the '112 Application and all other related common law trademarks, including the right to sue third parties for the infringement, without the need to join JHO as a party.  (The BANG® Logo, the '129 Registration, the '112 Application, and any and all common law trademarks shall collectively hereinafter be referred to as the "BANG® Intellectual Property").

15. Vital has invested a significant amount of time, effort, and financial resources promoting, marketing and advertising its brands and products, including its BANG® Energy drinks and related merchandise featuring the BANG® Intellectual Property.

16. Vital markets, advertises and promotes its brands and products featuring the BANG® Intellectual Property extensively on the Internet through its own website – www.bangenergy.com – as well as retailers' websites and on social media platforms such as Instagram (@bangenergy and @bangrevolution.apparel), Twitter (@bangenergy), TikTok (@bangenergy) and Facebook (@bangenergy).

17. Vital's Instagram account currently enjoys over 2.4 million followers and receives thousands of views per day. These third-party followers and others, including celebrities and public figures, refer to Bang Energy® drinks and related merchandise featuring the BANG® Intellectual Property extensively on social media and in the general media.

18. This social media presence extends not only to Vital's own accounts and profiles but also to those of hundreds of social media influencers and ambassadors who promote the brand and Bang Energy® drinks and related merchandise featuring the BANG® Intellectual Property.

19. Vital also markets its products featuring the BANG® Intellectual Property at sporting events such as the Super Bowl; music festivals such as Life in Color and Ultra Music Festival; sports nutrition trade shows such as Arnold Fitness Expo, Olympia Fitness & Performance Expo, and Europa Games Get Fit & Sports Expo; and beverage trade shows such as NACS and Expo West. These events often feature, among other things, BANG® models and dancers dressed in clothing and jewelry featuring the distinctive BANG® Logo.

20. Vital markets, advertises and promotes its Bang Energy® drinks featuring the BANG® Intellectual Property and the BANG® Logo on a fleet of specially customized vehicles, as depicted below:



21. Vital further offers a wide array of apparel and merchandise—including jewelry—featuring the BANG® Intellectual Property and the distinctive BANG® Logo for purchase through Vital's own website – www.bangenergy.com. Screenshots of Vital's website featuring such products are attached hereto as **Exhibit A**.

22. Bang Energy® drinks have experienced tremendous sales growth since Vital's launch of the product. In fact, according to recent U.S. sales data, Bang Energy® drinks are now the nation's third (3rd) best-selling energy drink.

23. The consuming public has come to associate the Bang® Intellectual Property solely with Vital. The goodwill and secondary meaning that Bang Energy® drinks and related merchandise have developed is undeniable.

24. On the other hand, Defendant BD markets, distributes and sells handmade engagement rings and fine jewelry under the name "Bang Diamonds," with the same lowercase stylized script as the BANG® Logo. See side-by-side comparison of each respective company's logo below:



25. Clearly, rather than rely on its own products and intellectual property, BD has taken to copying Vital's BANG® Intellectual Property in an effort to compete and cause consumer confusion with Vital's rapidly growing brand of BANG® Energy drinks and products.

26. BD has and continues to use Vital's source-identifying attributes, such as fonts and identical wording, within its company logo and the marketing of its products (the "Infringing Logo").

27. USPTO records show that Vital has been using the lowercase stylized script for its products since as early as the renewal of its registration for the '129 Registration on September 22, 2014.

28. BD has been using their invariably identical lowercase stylized script since no earlier than January 1, 2018. Therefore, BD's use of the Infringing Logo began years after Vital's first use of the BANG® Logo.

29. Products reflecting the Infringing Logo are sold through the same channels (i.e. via the Internet and social media) and to the same type of consumers as Vital's products. BD's products—jewelry—are in direct competition with Vital's jewelry and accessories.

30. Products reflecting the Infringing Logo are advertised and sold to countless consumers nationwide, including to consumers located in the State of Florida. In fact, the Terms of Sale within BD's website set forth that shipping is available within all 48 contiguous states within the United States.

31. On April 18, 2020, BD submitted an application, serial No. 88/877/725, to the United States Patent and Trademark Office ("USPTO") for the BANG stylized mark in International Class 14 covering jewelry.

32. On July 27, 2021, BD's application was published for opposition by the USPTO.

33. On August 26, 2021 Vital filed its opposition to BD's application.

34. In its response to Vital's opposition, BD, acting *pro se*, claimed a date of first use that preceded Vital's, despite the fact that BD's application clearly and conspicuously claims a date of first use of January 1, 2018.

35. In a good faith effort to resolve this matter amicably, Vital requested that BD provide proof of any such first use by BD that preceded Vital's. BD refused to provide the aforementioned information.

36. Vital has engaged counsel in connection with this matter and is obligated to pay such counsel reasonable fees, including its in-house counsel fees, and is otherwise represented in connection with this matter by counsel whose time and activity have reasonable attorneys' fee value.

37. Any and all conditions precedent to bringing this action have occurred, have been fulfilled, have been excused or have been waived.

## COUNT I
### Trademark Infringement Under the Lanham Act, 15 U.S.C. 1125(a)

38. Vital reincorporates and realleges the allegations set forth in Paragraphs 1 through 37 above as if set forth fully within this count.

39. JHO is the owner of all rights, title, and interest to the intellectual property rights embodied in the BANG® Intellectual Property.

40. Vital is the licensee of the BANG® Logo and the BANG® Intellectual Property.

41. The BANG® Logo identifies Vital as the exclusive source of products featuring the BANG® Logo and BANG® Intellectual Property and, therefore, has acquired distinctiveness.

42. The BANG® Logo has acquired secondary meaning through Vital's extensive marketing and use thereof, as set forth above.

43. BD's Infringing Logo is nearly identical to, and creates the same overall commercial impression as, Vital's BANG® Logo.

44. Products featuring BD's Infringing Logo, and products featuring Vital's BANG® Logo are overlapping, namely, accessories and jewelry.

45. Products featuring BD's Infringing Logo, and products featuring Vital's BANG® Logo, appeal to overlapping customer bases, namely: consumers who purchase and use jewelry.

46. Consumers encounter products featuring BD's Infringing Logo, and products featuring Vital's BANG® Logo in overlapping and, in some instances, identical, trade channels, namely: the Internet and social media platforms such as Instagram.

47. The Infringing Logo reproduces and copies, and is a colorable imitation of, the BANG® Logo, despite Vital's prior use of the BANG® Logo and the public recognition of the BANG® Logo and BANG® Intellectual Property, constituting use in commerce of a word, term, name, symbol, or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Vital, or origin, sponsorship, or approval of the Infringing Logo by Vital.

48. BD's acts constitute unfair competition, false designation of origin, or false description or representation, of all such unlawful conduct, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. BD's use of the Infringing Logo in connection with its products has infringed and continues to infringe Vital's rights in the BANG® Logo.

50. BD's use of the Infringing Logo in connection with the sale, marketing and distribution of its products constitutes unfair competition because such use has caused, and is likely to continue to cause, actual confusion, mistake, and deception as to the origin of the Infringing Logo and has misled, and is likely to continue to mislead consumers and potential consumers into believing that the Infringing Logo is affiliated with, or is sponsored, authorized, approved or sanctioned by, Vital, all of which is in clear violation of 15 U.S.C. § 1125(a).

51. Vital has not consented to BD's use of the Infringing Logo for any purpose.

52. BD has engaged in this conduct knowingly, willfully and in bad faith.

53. BD's such conduct has caused and is causing Vital irreparable injury and monetary damages.

54. BD's such conduct has harmed and continues to harm Vital's reputation and goodwill in the BANG® Logo and BANG® Intellectual Property.

WHEREFORE, Vital respectfully request this Honorable Court enter judgment for damages and other appropriate relief in favor of Vital and against BD, plus interest, costs and reasonable attorneys' fees.

## COUNT II
**Federal Unfair Competition, False Association and False Endorsement Under the Lanham Act 15 U.S.C. § 1125**

55. Vital reincorporates and realleges the allegations set forth in Paragraphs 1 through 37 above as if set forth fully within this count.

56. BD's use of the Infringing Logo in connection with the advertisement, marketing and sale of its products is without Vital's consent.

57. BD's unauthorized use of the Infringing Logo falsely conveys to consumers that its products are in some way connected with, sponsored by, affiliated or associated with, or related to Vital.

58. BD's unauthorized use of the Infringing Logo in connection to the sale of its products is also likely to cause consumers to be confused as to the source, nature and quality of the products that BD is promoting and selling under the Infringing Logo.

59. BD's use of the Infringing Logo in connection with the sale, marketing and distribution of its products constitutes unfair competition because such use has caused, and is likely to continue to cause, actual confusion, mistake, and deception as to the origin of the Infringing Logo and has misled, and is likely to continue to mislead consumers and potential consumers into believing that the Infringing Logo is affiliated with, or is sponsored, authorized, approved or sanctioned by, Vital, all of which is in clear violation of 15 U.S.C. § 1125(a).

60. BD has engaged in this conduct knowingly, willfully and in bad faith.

61. BD's such conduct has caused and is causing Vital irreparable injury and monetary damages.

62. BD's such conduct has harmed and continues to harm Vital's reputation and goodwill in the BANG® Logo and BANG® Intellectual Property.

WHEREFORE, Vital respectfully request this Honorable Court enter judgment for damages and other appropriate relief in favor of Vital and against BD, plus interest, costs and reasonable attorneys' fees.

## COUNT III
### Trademark Infringement Under Fla. Stat. §§ 495.131 and 495.161

63. Vital reincorporates and realleges the allegations set forth in Paragraphs 1 through 37 above as if set forth fully within this count.

64. Vital owns valid trademarks entitled to protection under Florida common law including, without limitation, a common law trademark for the BANG® Logo. Such common law rights are evidenced by Vital's bona fide use in commerce of such trademarks.

65. BD's unauthorized use of these protected trademarks constitute infringement, misappropriation, and misuse, unfair competition, palming-off and passing-off against Vital, and unjust enrichment of BD, all in violation of Vital's common law rights under the laws of the State of Florida, in accordance with Fla. Stat. §§ 495.131 and 495.161.

66. BD has engaged in this conduct knowingly, willfully and in bad faith.

67. BD's such conduct has caused and is causing Vital irreparable injury and monetary damages.

68. BD's such conduct has harmed and continues to harm Vital's reputation and goodwill in the BANG® Logo and the BANG® Intellectual Property.

69. BD's such conduct justifies the assessment of increased, exemplary, and punitive damages against BD, in an amount to be determined at trial.

WHEREFORE, Vital respectfully request this Honorable Court enter judgment for damages and other appropriate relief in favor of Vital and against BD, plus interest, costs and reasonable attorneys' fees.

## COUNT IV
### Unfair Competition under Fla. Stat. §§ 495.131 and 495.161

70. Vital reincorporates and realleges the allegations set forth in Paragraphs 1 through 37 above as if set forth fully within this count.

71. BD's use of the Infringing Logo and its related conduct as set forth above constitute infringement, misappropriation, and misuse of Vital's BANG® Logo, unfair competition, palming-off and passing-off against Vital, and unjust enrichment of BD, all in violation of Vital's

common law rights in and to the BANG® Logo under the laws of the State of Florida, in accordance with Fla. Stat. §§ 495.131 and 495.161.

72. BD has engaged in this conduct knowingly, willfully and in bad faith.

73. BD's such conduct has caused and is causing Vital irreparable injury and monetary damages.

74. BD's such conduct has harmed and continues to harm Vital's reputation and goodwill in the BANG® Logo and BANG® Intellectual Property.

75. BD's such conduct justifies the assessment of increased, exemplary, and punitive damages against BD, in an amount to be determined at trial.

WHEREFORE, Vital respectfully request this Honorable Court enter judgment for damages and other appropriate relief in favor of Vital and against BD, plus interest, costs and reasonable attorneys' fees.

## COUNT V
**Florida's Deceptive and Unfair Trade Practices Act Chapter 501 ("FDUPTA")**

76. Vital reincorporates and realleges the allegations set forth in Paragraphs 1 through 37 above as if set forth fully within this count.

77. FDUPTA provides that "unfair methods of competition, unconscionable acts or practices, and unfair or **deceptive acts** or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204 (emphasis added). Misrepresentations, false statements or omissions of material fact constitute deceptive acts or practices prohibited by FDUPTA.

78. FDUPTA defines "trade or commerce" as "…the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any

property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8).

79. The provisions of FDUPTA are to be "construed liberally" to promote the protection of the "consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

80. At all times material thereto, BD has engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8). Among other things, BD has offered and advertised for purchase its line of jewelry products using the Infringing Logo to Florida consumers, through the Internet as well as through social media platforms.

81. As more particularly described in paragraphs 24 through 35 above, BD engaged in a deceptive and unconscionable scheme that includes, without exclusion, the use of the BANG® Logo in an effort to ride on Vital's goodwill and to induce consumers to buy BD's goods with the erroneous belief that BD's and Vital's products come from a single source.

82. BD has engaged in this conduct knowingly, willfully and in bad faith.

83. BD's such conduct has caused and is causing Vital irreparable injury and monetary damages.

84. BD's such conduct has harmed and continues to harm Vital's reputation and goodwill in the BANG® Logo and BANG® Intellectual Property.

85. BD's such conduct justifies the assessment of increased, exemplary, and punitive damages against BD, in an amount to be determined at trial.

WHEREFORE, Vital respectfully request this Honorable Court enter judgment for damages and other appropriate relief in favor of Vital and against BD, plus interest, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

Vital prays for a judgment in its favor and against Defendant BD with the following relief:

a. That BD be adjudged to have violated 15 U.S.C. § 1125(a) by infringing the BANG® Logo and BANG® Intellectual Property by virtue of its Infringing Logo;

b. That BD be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Vital by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality and characteristics of the Infringing Logo and BD's products;

c. That Vital be awarded damages it has sustained as a consequence of BD's conduct under 15 U.S.C. § 1117(a);

d. That Vital be awarded BD's profits obtained by BD as a consequence of its conduct under 15 U.S.C. § 1117(a);

e. That such damages and profits be trebled and awarded to Vital as a result of BD's willful, intentional, and deliberate acts in violation of the Lanham Act, under 15 U.S.C. § 1117;

f. That all of BD's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

g. For preliminary and permanent injunctive relief prohibiting BD, its distributors, subsidiaries, related companies, or anyone working for, in concert with, or on its behalf, from using the Infringing Logo or any other marks or logos confusingly similar to the BANG® Logo or other BANG® Intellectual Property in connection with BD's products, including any packaging and promotional materials;

      h.      For an order requiring BD to deliver up for destruction all tangible items bearing the Infringing Logo, including, without limitation, any labels, packaging, brochures, flyers, advertisements, and signs (and to recall for such purpose any such products and materials in the possession, custody or control of any other person or entity) and to remove any references to the Infringing Logo from the Internet and social media platforms including, without limitation, Facebook, Instagram, Twitter and TikTok;

      i.      That BD be adjudged to have violated FDUPTA, Fla. Stat. § 501.201, et. seq.;

      j.      For an order requiring BD, under Florida common law, to pay actual and punitive damages pursuant to Fla. Stat. § 768.72, together with the costs of this action, upon a proper showing;

      k.      That Vital recover its costs and reasonable attorneys' fees incurred in bringing this action, pursuant to 15 U.S.C. § 1117, 35 U.S.C. § 285, and Fla. Stat. § 501.201, and as otherwise authorized;

      l.      That BD's trademark application Serial No. 88/877,725 be denied in its entirety;

      m.      That Vital be granted prejudgment and post-judgment interest; and

      n.      Such other and further relief as this Court deems just and proper.

Dated: January 20, 2022

Respectfully submitted,

/s/ Anabela Bello  
Anabela Bello, Esq.  
Florida Bar No. 1025311  
Vital Pharmaceuticals, Inc.  
1600 North Park Drive  
Weston, Florida 33326  
Telephone: (786)-390-2481  
Email: Anabela.Bello@bangenergy.com

/s/ Daniel S. Hurtes
Daniel S. Hurtes, Esq.
Florida Bar No. 69104
Vital Pharmaceuticals, Inc.
1600 North Park Drive
Weston, Florida 33326
Telephone: (786) 742-9160
Email: Daniel.Hurtes@bangenergy.com

*Attorneys for Plaintiff, Vital Pharmaceuticals, Inc. d/b/a Bang Energy and as VPX Sports*

# **EXHIBIT A**



### Bang Logo Charm 18k Gold Plating

Elevate your style with Bang! Add the Bang charm to your adjustable length charm necklace and create a whole new look with Bang.

- Triple coated with 18k gold plating
- Measures 1, ½" x 5/8"

### Bang B Logo Charm 18k Gold Plating

Rock the big Bang B around your neck and rep your favorite way to get hype. Add it your customizable charm necklace and get Bangin'!

- Triple coated with 18k gold plating
- Measures 1"x7/8"





## Bang Logo Charm with Crystals 18k Gold Plating

Take your accessories to another level with Bang bling! Add the Bang charm with crystals to your Bang charm necklace and create a exclusively hot look.

- Triple coated with 18k gold plating
- Measures 1, ½" x 5/8"



## Bang B Logo Charm with Crystals 18k Gold Plating

Rock the big Bang B detailed with beautiful crystals for EXTRA bling around your neck as you rep your favorite way to get hype. Add it your customizable charm necklace and get Bangin'!

- Triple coated with 18k gold plating
- Measures 1" x 7"/8"

